# IN THE COURT OF APPEALS OF IOWA

No. 22-0276
Filed January 11, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MIKE FIDENCIO PEREZ JR.,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Muscatine County, Jeffrey D. Bert,

Judge.

        Mike Perez appeals his guilty verdicts for assault with intent to inflict serious

injury and two counts of willful injury.  **AFFIRMED.**

        Martha J. Lucey, State Appellate Defender, and Rachel C. Regenold,

Assistant Appellate Defender, for appellant.

        Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney

General, for appellee.

        Considered by Bower, C.J., and Greer and Badding, JJ.

**BOWER, Chief Judge.**

Mike Perez Jr. appeals his guilty verdicts for assault with intent to inflict serious injury and two counts of willful injury. Perez challenges the admission of certain photographs into evidence and asserts substantial evidence does not support the jury's findings of serious injury. We affirm.

**I. Background Facts & Proceedings.**

Early in the morning of May 15, 2021, Ashlee Hayes and Alon Berry went to a party in Muscatine hosted by an acquaintance of Hayes. They parked their car in the backyard of the house, and Hayes got out and hugged the host. As she spoke with the host, Berry got out of the car.

Three other men Hayes knew stood near the car: Perez, Miguel Aguilar, and Jaime Gomez. Aguilar asked Hayes who Berry was "and if he was from anything." Hayes saw the three men approach Berry and turned back to the host and said maybe they should leave. Berry saw the men between him and Hayes and heard a man yell at him. Perez punched Berry in the face. Hayes heard rustling behind her and, when she turned back around, she saw Perez, Aguilar, and Gomez "beating [Berry], kicking him, throwing . . . pieces of cement on top of him." They pushed him out into the alley, punching him in the face and chest. Berry fell, and the men started kicking him. Berry saw blood on his hand from where he'd been hit in the cheek and then blacked out. Hayes ran toward the group, where Berry was on his back on the ground with the three men standing over him, still punching and kicking him. Hayes screamed at the men, dove between Perez and Aguilar, and tried to push them away from Berry. Gomez hit Hayes on the back of her head, and the men punched Hayes in the face several

more times. Perez picked up a concrete chunk and struck Hayes with it. Hayes then pulled out a pocketknife and "stabbed whoever was above [her]"—which turned out to be Perez and Gomez. Perez and Gomez continued screaming at her, Perez telling Gomez to get his gun, and they ran off. Hayes, not knowing where Berry was, got in her car and drove down the street to safety. Hayes called 911, and got out of her car to try to find Berry. She worried the trio would find her again. Once she encountered law enforcement, an ambulance took her to the hospital.

Berry woke up outside a different house, but he did not know how he got there. Berry saw Perez, Aguilar, and Gomez throwing bricks on him, hitting his head, chest, stomach, and legs. Berry blacked out again. He woke up again outside a third house, alone. Berry called 911 for help and was found by law enforcement.

The Muscatine hospital initially treated Hayes, suturing wounds and wrapping her face. She was transferred to the University of Iowa Hospitals for further care. Once there, her sutures were replaced, and she consulted with an eye specialist and a plastic surgeon. Hayes needed multiple surgeries to remove glass and debris from her face. Hayes had four "very severe" lacerations several centimeters long across her forehead and above one eye; some were down to the bone and required layers of sutures. She also had two smaller lacerations inside her lower eyelid. At the time of trial, Hayes had three visible scars on her forehead

and left eyelid.[1]  Hayes testified she has short-term memory loss, some bleeding on her brain from the head trauma, and seizures.

Berry was examined at the Muscatine hospital, then transported to the University of Iowa Hospitals for additional care.  He sustained broken bones in his left cheek and jaw, a back injury, internal bruising of his ribs, and significant bruising and contusions all over his body.  He could not feel his leg due to a pinched vein in his back that would require surgery to fix.  Berry testified he was bed-ridden at home for six weeks after the assault and needed help to move around.  He had significant cuts, bruising, and swelling to his face and large bruises on his legs.

On May 26, 2021, the State charged Perez with attempted murder, two counts of willful injury, criminal gang participation, and going armed with intent.[2]  Perez sought to exclude some photo exhibits of the victims' injuries as "too gruesome," but the district court denied the request.  On August 13, a jury found Perez guilty of the two counts of willful injury and assault with intent to commit serious injury (a lesser-included offense to attempted murder) but acquitted him of going armed with intent.

---

[1] The jury was able to see Hayes's scars at trial.  The record does not contain a post-healing photograph of Hayes's scars, though there is a photo of her with sutures and bruises from the assault.

[2] Jaime Gomez was charged along with Perez.  Miguel Aguilar was added as codefendant two weeks later.  Aguilar and Perez went to trial together on all charges except the criminal gang participation charge, which was severed for a later trial.  Trial on the gang participation charge did not occur within the speedy-trial window and was dismissed with prejudice.

Perez appeals, asserting the photos of the victims' injuries were more prejudicial than probative and there is insufficient evidence to support a finding either victim sustained a serious injury.

**II. Standard of Review.**

"We review evidentiary rulings for an abuse of discretion. An abuse of discretion occurs when a district court exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *State v. Wilson*, 878 N.W.2d 203, 210–11 (Iowa 2016) (internal citation omitted). "We review challenges to the sufficiency of the evidence for correction of errors at law." *State v. Niederbach*, 837 N.W.2d 180, 190 (Iowa 2013).

**III. Analysis.**

*Photos.* Perez asserts photos of Hayes's and Berry's injuries were not relevant and, alternatively, if relevant, were more prejudicial than probative. He claims the photos were meant to ignite the jury's feelings; unnecessarily cumulative; and not probative because Hayes, Berry, and two treating physicians were able to testify about the injuries.

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Iowa R. Evid. 5.401.

> To determine whether evidence should be excluded under [Iowa Rule of Evidence] 5.403, we apply a two-part test. First, we consider the probative value of the evidence. Second, we balance the probative value against the danger of its prejudicial or wrongful effect upon the triers of fact. Evidence is unfairly prejudicial when it
> > appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish, or triggers other mainsprings of human action [that] may cause a jury to

> base its decision on something other than the
> established propositions in the case.
> But, in a sense, all powerful evidence is prejudicial to one side. The
> key is whether the danger of *unfair* prejudice substantially outweighs
> the evidence's probative value.

*Niederbach*, 837 N.W.2d at 203 (second alteration in original) (internal citations and quotation marks omitted).

The objected-to photos included seven photos of Hayes and three of Berry while still bloody from the assaults. Perez's counsel argued the photos did not prove anything about the wounds but were meant for an emotional reaction. The district court ruled "the photographs are probative to the charges filed by the State." In performing an Iowa Rule of Evidence 5.403 analysis, the court determined "the probative value does exceed the danger of unfair prejudice to the defendants." The court noted the defense could mitigate the prejudice by questioning the medical witnesses how the initial bloody appearance related to the seriousness of the victims' injuries.

"[P]hotographs are not inadmissible simply because they are 'gruesome or may tend to create sympathy . . . if there is just reason for their admission.'" *Id.* at 202 (citation omitted). "Trial courts have discretion in determining whether the value of pictures as evidence outweighs their grisly nature." *Id.* (citation omitted). An element the State was required to prove—and Perez disputes—was that both Hayes and Berry sustained serious injury. "The prosecution has leeway in what evidence to use to prove injuries, subject to the district court's discretion under rule 5.403." *Id.* The challenged photos showed Hayes's and Berry's physical condition when found by police and upon entering the hospital, giving the jury a fair depiction of their injuries immediately after the assault. The photos were not so *unfairly*

prejudicial as to substantially outweigh their probative value. *See id.* at 203. The district court did not abuse its discretion by allowing into evidence photos of Hayes and Berry before their injuries were cleaned up by hospital personnel.

*Sufficiency of the evidence.* Perez also contests the State's proof on the serious-injury element of his willful-injury convictions, asserting the injuries to Hayes and Berry "did not rise to the level of serious injury."[3] He states Hayes and Berry were not at risk of death and "Hayes did not suffer extended loss or impairment."

> When we review a challenge to the sufficiency of the evidence supporting a guilty verdict, we consider all of the evidence in the record in [a] light most favorable to the State, including all reasonable inferences that may be fairly drawn from the evidence. We uphold the verdict if there is substantial evidence in the record supporting it.

*Id.* at 216 (alteration in original) (internal citations and quotation marks omitted).

Iowa Code section 702.18 establishes three alternatives for "serious injury."[4] The applicable alternative here was a "[b]odily injury which does any of the following: (1) [c]reates a substantial risk of death[;] (2) [c]auses serious permanent disfigurement[; or] (3) [c]auses protracted loss or impairment of the function of any bodily member or organ."

---

[3] A necessary element in the willful injury instruction was, "The defendant Mike Perez's acts caused serious injury to [the victim] as defined in [a separate instruction]."

[4] The jury instruction definition of "serious injury" provided:
> A serious injury is a disabling mental illness, a condition which cripples, incapacitates, weakens or destroys a person's normal mental functions, or a bodily injury which creates a substantial risk of death or which causes serious permanent disfigurement or extended loss or impairment of the function of any bodily part or organ.

Hayes underwent multiple surgeries to clean debris from her lacerations and had facial scarring at the time of trial. We recognize scarring is not necessarily a serious permanent disfigurement; it is left "to the jury to determine whether a scar constitutes a serious permanent disfigurement." *State v. Hanes*, 790 N.W.2d 545, 554 (Iowa 2010); *see* Iowa Code § 702.18(1)(b)(2) (2021). She also testified to having short-term memory loss and seizures. Reviewing the record in the light most favorable to the State, substantial evidence supports the jury's finding Hayes suffered a serious injury.

As to Berry, Perez only contends he was not at risk of death from his injuries; he does not address the permanent disfigurement or protected loss or impairment of any bodily member or organ. We need not decide if the evidence supported a finding of substantial risk of death, as the evidence of Berry's broken bones and prolonged recovery was certainly sufficient for the jury to conclude Berry was seriously injured.

**AFFIRMED.**